**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICHARD A. FOWLKES, | : | |
| Plaintiff, | : | Case No. 3:04CV441 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| NATIONAL ARCHIVE TO RECORDS ADMINISTRATION, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Richard A. Fowlkes brings this case through counsel claiming in part that his Union, Defendant American Federation of Government Employees ("AFGE"), AFL-CIO Women's-Fair Practices Department, breached its duty of fair representation.

This case is before the Court upon Defendant AFGE's Motion to Dismiss (Doc. #38), Plaintiff's Memorandum in Opposition (Doc. #42), and Defendant AFGE's Reply (Doc. #43).

Defendant AFGE contends that this Court lacks subject matter jurisdiction over all of Plaintiff's claims against it, because Defendant AFGE was not, and is not, Plaintiff's employer and did not have authority to direct or control Plaintiff or his co-workers. Defendant AFGE further argues that Plaintiff's claims against Defendant AFGE – a federal employees' union – must be filed exclusively with the Federal Labor Relations Authority, rather than in this Court under *Karahalios v. National Fed'r. of Fed. Employees*, 489 U.S. 527, 532-33 (1989).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff contends that his Complaint states a basis for this Court's exercise of subject matter jurisdiction over his claim that Defendant AFGE breached its duty of fair representation because the Supreme Court has recognized that this claim "could be a federal question giving rise to federal jurisdiction in a case involving an individual employee suing a union in a non-federal employee type job. *Marquez v. Screen Actors Guild, Inc*., (1998), 525 U.S. 33, 119 S.Ct. 292."  (Doc. #42 at 4).

This Court lacks subject matter jurisdiction over Plaintiff's claim that Defendant AFGE violated its duty of fair representation.  This claim "is properly characterized as an unfair labor practice charge under the [Federal Service Labor-Management Relations Statute]." *Rizzitelli v. Federal Labor Relations Authority*, 212 F.3d 710, 712 (2nd Cir. 2000).  "The Federal Service Labor-Management Relations Statute ["FSLMRS"], 5 U.S.C. §§ 7101-7135 (2000), governs relations between federal agency employers and federal employees." *National Treasury Employees Union v. Federal Labor Relations Authority*, 437 F.3d 1248, 1249 (D.C. Cir. 2006).

Pursuant to the FSLMRS, Plaintiff must litigate his claim that Defendant AFGE violated its duty of fair representation by raising it with the Federal Labor Relations Authority.  *See Karahalios*, 489 U.S. at 532; *see also Abbott v. United States of America*, 144 F.3d 1, 4-5 (1st Cir. 1998).  This court lacks subject matter jurisdiction over such claims.  *See Karahalios*, 489 U.S. at 532; *see also Abbott*, 144 F.3d at 4-5.

Plaintiff's reliance on *Marquez v. Screen Actors Guild, Inc*., 525 U.S. 33 (1998) to support this Court's exercise of subject matter jurisdiction is misplaced.  In *Marquez*, the defendant was a non-federal labor organization, *see id*., 525 U.S. at 38, and the claims at issue fell under the district court's subject matter jurisdiction under the National Labor Relations Act.

2

*See id*. at 36, 41-43. *Marquez* did not hold that the federal district courts have subject matter jurisdiction of similar claims brought by federal employees against their unions, *see id*., and such a conclusion would directly conflict with *Karahalios*, 489 U.S. at 532. Consequently, the language in *Marquez* upon which Plaintiff primarily relies – "But when a plaintiff alleges a breach of the duty of fair representation, this claim is cognizable in the first instance in federal court..." 525 U.S. at 39 – is inapplicable to the present case brought by a federal employee against his union. The remaining case upon which Plaintiff relies, *Storey v. Local 327, Intern. Broth. of Teamsters, Chauffers*, 759 F.2d 517, 523-24 (6th Cir. 1985), suffers the same distinction from *Karahalios*, and thus fails to support this Court's exercise of subject matter jurisdiction over Plaintiff's claim that Defendant AFGE violated its duty of fair representation.

Plaintiff points out that his Third Amended Complaint raises three other claims against Defendant AFGE: Claim Nine, defamation; Claim Thirteen, civil conspiracy; and Claim Sixteen, violation of the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution. These claims are likewise subject to FSLMRS even though Plaintiff characterizes them as claims separate and distinct from his claim that Defendant AFGE violated its duty of fair representation. *See Abbott*, 144 F.3d at 4-6 (strong federal interest in seeking fair pay for employees fails to trump the administrative scheme in §§7118 and 7123 for claim against union); *see also Tunnicliff v. Apfel*, 160 F.Supp.2d 147, 149 (D. Mass. 2001)(plaintiff's reference to contract claim insufficient to overcome preemption); *cf. BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Amer.*, 132 F.3d 824, 830 (1st Cir. 1997) (Labor Management and Relations Act preempts state claims whenever claims invoke rights derived from a union's duty of fair representation.).

Plaintiff also argues that Defendant AFGE's failed to timely file its Motion to Dismiss. Plaintiff points out that this lack of timeliness arises because the Court filed an entry of default against Defendant AFGE on February 28, 2006, before Defendant AFGE filed its Motion to Dismiss on July 17, 2006.  Plaintiff maintains, "Because there is an entry of default against the Defendant and this has not been set aside[,] the Defendant has constructively admitted the facts of the complaint with the exception of damages.  Therefore, it is not proper for them to file a motion to dismiss."  (Doc. #42 at 3).

Plaintiff is correct that when he filed his Memorandum in Opposition to Defendant AFGE's Motion to Dismiss, the Clerk of Court had previously filed an entry of default against Defendant AFGE.  However, the Court recently granted Defendant AFGE's Motion to Set Aside Default.  (Doc. #44).  In addition, the entry of default had not ripened into a Default Judgment under Fed. R. Civ. P. 55(b), and thus the entry of default did not by itself result in any constructive or conclusive admission of the facts set forth in the Complaint.

More significantly, however, this Court must have subject matter jurisdiction over Plaintiff's claims against Defendant AFGE as both a statutory requirement and as mandated by Article III of the United States Constitution.  *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).  "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion <u>at any stage of the proceedings</u>."  *Owens v. Brock,* 860 F.2d 1363, 1367 (6th Cir. 1988) (emphasis added).  Indeed, "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *Days Inns Worldwide, Inc*., 445 F.3d at 904.  Without subject matter jurisdiction, even default judgments cannot stand.  *See Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 108 (6th

4

Cir.1995) ("A judgment is void under [Fed. R. Civ. P.] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter...."); *see also Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("we agree with the district court that the default judgment should be set aside and the case dismissed for lack of subject matter jurisdiction."). Consequently, although Defendant AFGE did not file its Motion to Dismiss until after the entry of default, this does not negate the Court's obligation to police its own subject matter jurisdiction, *see Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006) ("we must *sua sponte* police our own jurisdiction, regardless of whether the parties challenged jurisdiction..."), in this case by ruling on Defendant AFGE's Motion to Dismiss.

Accordingly, Defendant AFGE's Motion to Dismiss Plaintiff's claims against it for lack of subject matter jurisdiction is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Defendant AFGE's Motion to Dismiss (Doc. #38) be GRANTED; and

2.  Plaintiff's claims against Defendant AFGE be dismissed for lack of subject matter jurisdiction.

November 15, 2006            s/Sharon L. Ovington
                                                                         Sharon L. Ovington
                                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).