**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICHARD A. FOWLKES, | : | |
| Plaintiff, | : | Case No. 3:04CV441 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| UNITED STATES NATIONAL ARCHIVE TO RECORDS ADMINISTRATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.     INTRODUCTION**

Plaintiff Richard A. Fowlkes brings this employment-discrimination case against his employer, the United States National Archive To Records Administration ("NARA"), and two NARA supervisors/managers, Lloyd Mitchell and David Cornelisse, and other unnamed John and Jane Does, who are also NARA supervisors/managers.[2] (Doc. #20 at p.3). This case is before the Court upon the record as a whole including, but not limited to, Plaintiff's Third Amended Complaint (Doc. # 20), Defendants' Motion To: (1) Substitute The United States As The Party Defendant For Lloyd Mitchell and David Cornelisse; (2) Amend The Caption Of The

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] The Court has previously dismissed Plaintiff's claims against his Union. (Doc. #47).

Case; and (3) Dismiss Certain Claims Against Defendants. (Doc. #51). Plaintiff has not opposed or otherwise responded to Defendants' Motion.

## II. BACKGROUND

Plaintiff's First through Fourth Causes of Action claim that Defendants discriminated and retaliated against him in violation of federal and Ohio law. (Doc. #20 at pp. 12-17). Plaintiff's claims against Defendants also include, but are not limited to, the following Causes of Action: Seventh – promissory estoppel; Ninth – defamation; Tenth – intentional and/or negligent infliction of emotional distress; Eleventh – failure to properly supervise and administer; Twelfth – wrongful and/or unlawful retaliation and/or discipline and/or discharge in violation of Ohio statutory; and Thirteenth – civil conspiracy. (Doc. #20 at 18-23). In support of each of these claims, Plaintiff alleges:

> At all times alleged herein, alternatively, Defendants acted in the course and scope of their employment, as government employees, thus making the United States of America a responsible party to Mr. Fowlkes['] injuries.

(Doc. #20, ¶¶ 157, 165, 176, 183, 188, 195, 201, 207, 215, 222).

In addition to substitution of the United States as a Defendant and amendment of the caption, Defendants seek dismissal of the claims set forth in Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action.

## III. DISCUSSION

### A. Rule 12(b)(1)

As with every case, this Court initially considers any jurisdictional issues. *See Medical Mut. Of Ohio v. DeSoto*, 245 F.3d 561, 566 (6th Cir. 2001). "Because it may have no authority to

act, a federal court must determine at the outset whether it has jurisdiction to decide the case." *Moore v. City of Harriman*, 272 F.3d 769, 791 (6th Cir. 2001)(citing *United States v. United Mine Workers of America,* 330 U.S. 258, 291 ... (1947) (courts have jurisdiction to determine their own jurisdiction)).

A Motion asserting "lack of jurisdiction over the subject matter" falls under Fed. R. Civ. P. 12(b)(1). When a defendant files a Rule 12(b)(1) Motion, the burden of establishing jurisdiction rests on the plaintiff. *See Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

The United States Court of Appeals for the Sixth Circuit has adopted two standards for resolving motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), depending upon whether the challenge to the Complaint is facial or factual. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on subject matter jurisdiction merely questions the sufficiency of the pleadings. "In reviewing a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat'l Life Ins. Co*., 922 F.2d at 325.

When a court reviews a complaint under a factual attack, however, "no presumptive truthfulness applies to the factual allegations." *Id*. Rather, the court weighs the conflicting evidence to arrive at the factual predicate upon which subject matter jurisdiction depends. *Id*. In resolving such factual disputes, the court has wide discretion to consider affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.; *see Rogers*, 798 F.2d at 915 (when resolving a Rule 12(b)(1) Motion, the court resolves factual disputes; the parties may supplement the record by affidavits; this evidence does not convert the 12(b)(1)

Motion into a Motion for Summary Judgment under Fed. R. Civ. P. 56).

### B. Substitution and Amendment

**1.**

The Federal Torts Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671-2680 contains a limited waiver of sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813 (1976).

Title 28 U.S.C. §1346(b)(1) states:

> Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Title 28 U.S.C. §2674 states, in part:

> The United States shall be liable, respecting provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA's grant of subject matter jurisdiction is limited by certain exceptions in 28 U.S.C. §2680.

The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act")[3] provides, in part, at 28 U.S.C. §2679(b)(1) of the FTCA:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is

---

[3] Pub. L. No. 100-694, 102 Stat. 4563 (1988), codified, in part, at 28 U.S.C. §§2671, 2674, 2679.

4

> exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

"Pursuant to the Westfall Act, the United States stands in the shoes of its employees whose 'negligent or wrongful act[s]' in the course of their federal employment cause an injury. 28 U.S.C. §2679 (b)(1). The Act effectively 'shields federal employees from liability for common law torts committed within the scope of employment.'" *Sullivan III v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003)(quoting in part *Henson v. Nat'l Aeronautics Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994)).

NARA is a "Federal agency" as defined by 28 U.S.C. §2671, and NARA employees are employees of the Government within the meaning of the FTCA, including 28 U.S.C. §2679(b)(1).[4]

Title 28 U.S.C. §2679(d)(2) establishes a procedure under which state court cases are removed to federal court and the United States is substituted as the party defendant for the Government employee:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought

---

[4] A "Federal agency" within the meaning of the FTCA "includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. §2671. The phrase "employee of the government" broadly includes, in part, "officers or employees of any federal agency..." *Id.*

5

>against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

United States Attorneys are authorized to make the certifications provided for in 28 U.S.C. §2679(d). *See* 28 C.F.R. §15.3. For removal purposes, §2679(d)(2) specifies, "[t]his certification shall conclusively establish scope of office or employment." For other purposes, "[a]lthough the Attorney General's certification provides *prima facie* evidence that an employee's conduct is within the scope of employment..., it 'does not conclusively establish as correct the substitution of the United States as defendant in place of the employee.'" *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996).

Upon the United States Attorney's §2679(d) certification, any action or proceeding subject to 28 U.S.C. §2679(d)(1), (2) or (3), "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. §2679(d)(4).

"Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). "However, 'when a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order.'" *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002)(citations omitted).

### 2.

Plaintiff's claims against Mitchell and Cornelisse arise from their conduct that allegedly occurred at NARA's facility in Montgomery County, Ohio.

"Under Ohio law, an employee acts within the scope of his employment 'when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.'" *Sullivan III v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003)(quoting *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271 (1976)); *see Martinek v. United States*, 254 F. Supp.2d 777, 783 (S.D. Ohio 2003) (an employee acts within the scope of his employment if his conduct: (1) is of the kind which he is employed to perform; (2) occurs substantially within the authorized limits of time and space; and (3) is actuated, at least in part, by a purpose to serve the employer).[5]

In the present case, the United States Attorney's Certification of Scope of Employment (Doc. #20, Exhibit A) states, in part: "Pursuant to 28 U.S.C. §2679(d), and by virtue of the authority vested in me by the Attorney General of the United States under 28 C.F.R. §15.3, I certify, on the basis of the information now available, that Lloyd Mitchell and David Cornelisse were acting within the scope of their employment as employees of the United States National Archives and Records Administration at the times of the alleged incidents out of which Plaintiff's claims against them arose." In the absence of opposition by Plaintiff to Defendants' Motion, the United States Attorney's certification is sufficient to establish that Mitchell and Cornelisse were acting within the scope of their employment as employees of NARA. *See Coleman*, 91 F.3d at 823 (§2679(d) certifications are *prima facie* evidence of the scope of employment). In addition, Plaintiff's claims against Mitchell and Cornelisse are the type covered by FTCA immunity when Government employees act within the scope of their

---

[5] In *Sullivan III*, the Sixth Circuit Court of Appeals also discussed a three-prong test devised by the Ohio Supreme Court to assess whether employees acted within the scope of their employment when they cause an injury while operating their own vehicles. 324 F.3d at 399.

7

employment. *See* Doc. #20 (Seventh, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action); *see also* 28 U.S.C. §2679(b). Therefore, Plaintiff's exclusive remedy for these claims against Mitchell and Cornelisse is an action against the United States under the FTCA. *See* 28 U.S.C. §2679.

Accordingly, the United States should be substituted as the party defendant in place of Mitchell and Cornelisse; the caption of the case should be amended to reflect this substitution; and pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action against Mitchell and Cornelisse should be dismissed. *Id*.

**B.    Certain Claims Against the United States**

Because the United States should be substituted as the party defendant for Mitchell and Cornelisse, Defendants also seek dismissal of the claims against the United States raised in Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action.

The FTCA contains an administrative claim requirement. *See* 28 U.S.C. §2675(a). Subject to certain exceptions in 28 U.S.C. §2675(a) – which do not apply in this case – an FTCA action cannot be maintained against the United States until claimants have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *see Lundstrum v. Lyng*, 954 F. 2d 1142, 1145 (6th Cir. 1990)("A prerequisite to suit under the FTCA ... is exhaustion by the plaintiff of administrative remedies. 28 U.S.C. §2675(a)."); *see also Executive Jet Aviation Inc. v. United States*, 507 F.2d 508, 514-15 (6th Cir. 1974)(the administrative claim procedure prescribed in §2675 is jurisdictional

and no suit may be maintained under the Act in the absence of compliance).[6]

NARA has no record of an administrative claim being presented to it by Plaintiff. *See* Doc. #51, Exh. B. As a result, pursuant to Fed. R. Civ. P. 12 (b)(1), Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action contained in Plaintiff's Third Amended Complaint against the United States should be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. §2675(a).

Moreover, the FTCA specifically excepts a number of claims from its general grant of jurisdiction, 28 U.S.C. §2680, including, libel and slander claims. *See* 28 U.S.C. §2680(h). Consequently, Plaintiff's Ninth Cause of Action for slander must also be dismissed, because it is both barred by sovereign immunity and fails to state a claim upon which relief can be granted.

In addition, Plaintiff's claims set forth in the Seventh, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action against NARA and NARA's EEO Office must be dismissed. "The general rule is that a federal administrative agency cannot be sued in its own name unless such suits are specifically authorized by Congress, typically in the form of a 'sue-and-be-sued' clause." *Good v. Ohio Edison Co.*, 149 F.3d 413, 417 (6th Cir. 1998)(citations omitted). Yet, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title...." 28 U.S.C. §2679(a). Thus, "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence [or intentional torts] by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see Federal Exp. Corp. v. U.S. Postal Service*, 151 F.3d 536, 540 (6th Cir. 1998)("Furthermore, the FTCA, by its explicit

---

[6] For a full discussion of the FTCA's time limitations, see Doc. #51 at n.10.

terms, provides the sole avenue by which lawsuits within its ambit may be advocated against the United States as defendant for the actions of any office of the federal government....")." This Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claims against NARA and NARA's EEO Office.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion To Substitute The United States As The Party Defendant For Lloyd Mitchell and David Cornelisse (Doc. #51) be GRANTED, and Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action against Lloyd Mitchell and David Cornelisse be DISMISSED for lack of subject matter jurisdiction;

2. Defendants' Motion To Amend The Caption Of The Case (Doc. #51) be GRANTED, and the Clerk of Court be directed to amend the caption of this case by substituting the United States of America as the Defendant in place of Lloyd Mitchell and David Cornelisse; and

3. Defendants' Motion To Dismiss Certain Claims Against Defendants (Doc. #51) be GRANTED, and Plaintiff's Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action against the United States, NARA, and NARA's EEO Office be DISMISSED.

April 4, 2007

                                                     s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).