**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**RICHARD A. FOWLKES,**

              Plaintiff,

-vs-

**NATIONAL ARCHIVE AND
RECORDS ADMINISTRATION, et al.,**

              Defendants.

Case No. C-3-04-441

District Judge Thomas M. Rose

Magistrate Judge Sharon L. Ovington

---

**ENTRY AND ORDER OVERRULING FOWLKES' MOTION TO VACATE THE JOINT NOTICE OF VOLUNTARY STIPULATED DISMISSAL (Doc. #56)**

---

Now before the Court is Plaintiff Richard A. Fowlkes' ("Fowlkes'") Motion To Vacate the Joint Notice of Voluntary Stipulated Dismissal By All Parties. (Doc. #56.) The Defendants have responded. (Doc. #57.) The time has run and Fowlkes has not Replied. Fowlke's Motion is, therefore, ripe for decision.

After receiving a "right to sue" letter, on December 17, 2004, Fowlkes filed a pro se Complaint in this Court that formed the basis for this lawsuit (the 2004 Lawsuit). (Doc. #1.) Fowlkes then engaged an attorney who amended his Complaint three times. (Docs. #4, 12, 20.) The Third Amended Complaint against six (6) named defendants includes causes of action for hostile work environment, disability discrimination, gender discrimination, retaliation, breach of the duty of fair representation, breach of contract, promissory estoppel, violation of the First Amendment, defamation, negligent or intentional infliction of emotional distress, failure to

supervise, wrongful retaliation, civil conspiracy, violation of procedural Due Process, violation of Equal Protection and violation of substantive Due Process.

Some of the causes of action against some of the defendants were subsequently dismissed by the Court. (Doc. #53.) Then, on January 8, 2008, a "Joint Notice of Voluntary Stipulated Dismissal By All Parties" was filed. (Doc. # 55.) This Notice reads, "[n]ow comes Plaintiff, Richard Fowlkes, by and through Counsel and hereby gives notice to this Honorable Court of voluntary dismissal of the above captioned case pursuant to Fed. R. Civ. Pro. 41(a)(ii). This dismissal is without prejudice and provides the Plaintiff the right to refile the lawsuit in accordance with applicable law."

One year later on January 9, 2009, Fowlkes filed a similar complaint in this Court ("the 2009 Lawsuit"). (Case No. 3:09-cv-006.) The 2009 Lawsuit was subsequently dismissed because the applicable statute of limitations had run and for various other reasons. Fowlkes has appealed the dismissal of the 2009 Lawsuit and is also now attempting to reactivate the 2004 Lawsuit.

Fowlkes now argues that the Joint Notice of Voluntary Stipulated Dismissal filed in this case, the 2004 Lawsuit, should be vacated pursuant to Fed. R. Civ. P. 60 because:

> there was no meeting of the minds between counsels for the parties as to the effect of agreeing to dismiss without prejudice, the time for re-filing, and which laws would be applicable to re-filing; and
>
> the conditions of agreement to dismissal were impossible; and
>
> the agreement had the effect of relinquishing of the right to pursue a legal claim for which there was no consideration given.

The Defendants oppose Fowlke's attempt to vacate his voluntary dismissal.

Fowlke's Motion To Vacate is made pursuant to Fed. R. Civ. P. 60(b)(1)(3) and (6). Rule 60(b)(1) provides that the court may relieve a party from an order for mistake, inadvertence,

surprise, or excusable neglect. Rule 60(b)(3) provides that the court may relieve a party from an order for fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(6) provides that the court may relieve a party from an order for any other reason that justifies relief. However, Rule 60(c)(1) provides that a motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding.

Fowlkes Motion To Vacate was filed more than eighteen (18) months after the Joint Notice of Voluntary Stipulated Dismissal. Thus, Rules 60(b)(1) and (3) may not be used as a basis for vacating the Joint Notice of Voluntary Stipulated Dismissal.

This leaves Rule 60(b)(6) as a possible basis for vacating the Joint Notice of Voluntary Stipulated Dismissal. The Sixth Circuit has consistently held that motions made pursuant to Rule 60(b)(6) may only be made when the first five clauses of Rule 60(b) do not apply. *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Thus, a party cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b). *Id*.

In this case, Fowlkes attempts to invoke Rule 60(b)(1) and (3) and thus cannot circumvent the one year limitation by invoking the residual clause found in Rule 60(b)(6).

Further, relief is available under Rule 60(b)(6) only in extraordinary circumstances. *Liljeberg v. Health Services Acquisition Corp.*, 108 S. Ct. 2194, 2204 (1988). Yet, Fowlkes does not argue that there are extraordinary circumstances that justify consideration under Rule 60(b)(6). Fowlkes merely suggest that "the Court can choose to define it as it wishes and apply Rule 60(b)(6) under any other reason that justifies relief."

Finally, a motion under Rule 60(b)(6) must be made within a reasonable time. Eighteen months in this case is not a reasonable time and Fowlkes does not argue to the contrary.

In addition to being procedurally unsound, Fowlke's Motion To Vacate is completely without merit. The Final Pretrial Conference in this case was set for January 8, 2008, at 3:30 p.m. The Joint Notice of Voluntary Stipulated Dismissal was filed at 12:02 p.m. on that same day and a proposed Final Pretrial Order had not yet been submitted as required. No reason has been given for the "11th hour" dismissal. Further, and more importantly, the Joint Notice of Voluntary Stipulated Dismissal was agreed to and filed by Fowlkes' counsel.

In one last effort, Fowlkes argues that the Joint Notice of Voluntary Stipulated Dismissal is a contract and should be considered under principles of contract law. However, this Court is not aware of any law that considers a joint dismissal notice to be a contract nor has Fowlke's identified any such law. Thus, the Joint Notice of Voluntary Stipulated Dismissal will not be considered to be a contract.

## CONCLUSION

Fowlke's Motion To Vacate the Joint Notice of Voluntary Stipulated Dismissal By All Parties (doc. #56) is OVERRULED. This Motion is procedurally unsound and is otherwise without merit.

**DONE** and **ORDERED** in Dayton, Ohio, this Fifteenth day of September, 2007.

                **s/Thomas M. Rose**
             _____
               THOMAS M. ROSE
            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record